IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAKOV PLOTITSA,<br>    Petitioner | : | CIVIL NO. 3:07-CV-1105 |
| | : | (Judge Munley) |
| v. | : | |
| U.S. DEPARTMENT OF<br>HOMELAND SECURITY, et al.,<br>    Respondents | : | |

## MEMORANDUM

Yakov Plotitsa ("Plotitsa"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the Clinton County Correctional Facility, McElhahan, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on June 21, 2007. (Doc. 1). Plotitsa seeks to proceed *in forma pauperis*. (Doc. 2). For the reasons set forth below, motion to proceed *in forma pauperis* will be granted and the petition will be dismissed as premature.

## I. Factual Background

Plotitsa, who is a native and citizen of Russia, is subject to an October 23, 2006 final order of removal from the United States. (Doc. 1, p. 1). He is presently in ICE custody. On May 15, 2007, following a May 3, 2007 "File Custody Review," a "Decision to Continue Detention" was issued by ICE. Based on a review of his file, a personal interview and consideration of any information he submitted, ICE denied release for the following reasons:

> You were admitted to the United States by fraudulent means on November 11, 1996 and the Immigration Judge ordered you to be removed on October 23, 2006. You have been convicted of Conspiracy

> to Commit Bank Fraud, Possession of an Access Device, Conspiracy to Commit Immigration Fraud and Immigration Fraud with an imposed sentence of 71 months incarceration and 3 years supervised release by the U.S. District Court in New York. You are also the subject of an active investigation in your native country for committing a heinous crime. ICE believes this makes you a threat to the community as well as a flight risk. In addition to that you are subject to the provisions governing mandatory detention while ICE pursues the issuance of a travel document.
>
> Based on the above, you are to remain in ICE custody pending removal from the United States.

(Doc. 1, p. 5). He contends that the "[d]etention of a removable alien beyond the 90 day removal period pursuant to 8 U.S.C. § 1231(a)(b) does not permit in definite [sic] detention but rather a 'reasonable time limitation,' that application of which is subject to federal judicial review; Zadvydas v. Davis 533 U.S. 678 2001." (Doc. 1, p. 1, ¶ 8). He is seeking immediate release from detention.

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration

process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6).

8 U.S.C. §1231. The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701. If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Following Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien

to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future and that he is entitled to release. 8 C.F.R. § 241.13(d)(1).

Plotitsa's ninety-day mandatory detention period expired on or about January 23, 2007. At this point, the presumptively reasonable six-month period established by *Zadvydas* began to run. Thus, because the six-month period established by the Supreme Court has not expired, and Plotitsa does not contend that he has been denied a hearing pursuant to Zadvydas, he is prematurely before this Court. The petition for writ of habeas corpus will be dismissed without prejudice.

**AND NOW**, to wit, this 25th day of June 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby **ORDERED** that:

1. Petitioner's application to proceed *in forma pauperis* (Doc. 2) is GRANTED for the purpose of the filing of the action only.

2. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE as premature.

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court